1
2
3
4                        UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7    YOHONIA MARTIN,                        Case No.  15-cv-01988-KAW

              Plaintiff,
8
                                            **ORDER GRANTING APPLICATION**
9        v.                                 **TO PROCEED IN FORMA PAUPERIS;**
                                            **DISMISSING COMPLAINT WITH**
10   REDWOOD CITY LIBRARY,                   **LEAVE TO AMEND**

              Defendant.                     Re: Dkt. Nos. 1, 3
11

12

13        Yohania Martin ("Plaintiff"), who proceeds pro se, commenced the above-captioned case

14   on May 1, 2015.  (Compl., Dkt. No. 1.)  Plaintiff also filed an application to proceed in forma

15   pauperis.  (Pl.'s IFP Appl., Dkt. No. 2.)  She has consented to the undersigned's jurisdiction

16   pursuant to 28 U.S.C. § 636(c).  (Pl.'s Consent, Dkt. No. 3.)

17        The Court has reviewed Plaintiff's application to proceed in forma pauperis and finds that

18   Plaintiff is unable to pay the filing fee.  *See* 28 U.S.C. § 1915(a)(1).  Plaintiff's application to

19   proceed in forma pauperis is, therefore, GRANTED.  Plaintiff's complaint, however, must be

20   dismissed with leave to amend, because the complaint fails to state a claim upon which relief can

21   be granted.

22                        **I.        LEGAL STANDARD**

23        Pursuant to 28 U.S.C. § 1915(e)(2), a court "shall dismiss [a] case at any time if the court

24   determines that . . . the action . . . fails to state a claim on which relief may be granted."  *See* Fed.

25   R. Civ. P. 12(b)(6).  Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a

26   short and plain statement of the claim showing that the pleader is entitled to relief."  But "a

27   complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

28   plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Threadbare

United States District Court
Northern District of California

United States District Court
Northern District of California

1    recitals of the elements of a cause of action" and "conclusory statements" are not adequate.

2    *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a

3    probability requirement, but it asks for more than a sheer possibility that a defendant has acted

4    unlawfully . . . . When a complaint pleads facts that are merely consistent with a defendant's

5    liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.*

6    (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

7         Pro se pleadings are liberally construed.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

8    (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  "A pro se complaint, however inartfully

9    pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . . "

10   *Estelle*, 429 U.S. at 106 (internal citations omitted).

### III.     DISCUSSION

12        As a preliminary matter, the Court notes that even if Plaintiff could state a cognizable

13   claim for relief, the Court may lack subject matter jurisdiction over this action.  While Plaintiff

14   asserts that federal question jurisdiction exists based on "Freedom of Information Acts [*sic*] ,

15   deprivations of right to privacy, libel, slander, and copyright violations," the allegations in the

16   complaint do not allow the Court to discern any proper basis for federal question jurisdiction.  *See*

17   28 U.S.C. § 1331.  Nor does there seem to be any basis for diversity jurisdiction, as the parties

18   appear to be citizens of California.  *See* 28 U.S.C. § 1332(a)(1).  This alone warrants dismissal of

19   Plaintiff's complaint.  *See Majestic Ins. Co. v. Allianz Intern. Ins. Co.*, 133 F. Supp. 2d 1218, 1220

20   (N.D. Cal. 2001) ("Federal courts have limited subject matter jurisdiction. They are restricted as to

21   what cases they may adjudicate and they may exercise jurisdiction only if it is specifically

22   authorized.").

23        Additionally, the substantive allegations in the complaint fail to state a claim upon which

24   relief can be granted.  The only allegations in the complaint are as follows:

25        The evening and weekend staff of the Redwood City Library regularly charge me
          for items with no written closure [*sic*] statement.

26
          Regularly during the spring session of University interrupted and or rerouted, and
27        or changed information of emails of my responses to instructors of emails of my
          responses to instructors, businesses and or removed emails I sent to myself as
28        receipt of work completed.  Changed words of essays and assignments.  Disallowed

transmission of completed assignments by manipulating the monitoring system(s) and allowances.  Used and or manipulated personal information to induce acts of billing to my existing borrowers account.

Have changed wordings of class assignment and presentations so I appear as if I am illiterate uneducated and unlearned.  Have placed messages in my essays such a sss [*sic*] and then the essay disappears.

My charges against them include but are not limited too [*sic*] defamation, systemic oppression institutionalized oppression, socia [*sic*] oppression.

(Compl. ¶ 5.)

In his demand for relief, Plaintiff states:

I check a laptop out tonight 4.29.2015 and was not allowed Internet access, regular usages allow familiarity, such as monies used from my library card amount. Interruption of the server or monitoring system to rewrite and or remove data and monies to which and where I am limited in access abilities and or resources for the completion of research, scholarship search and application the completion of assignments ect. [*sic*] have been in short testing and trying.   My claim is of emotional distress.

(Compl. ¶ 6.)

Even when they are liberally construed and taken as true, Plaintiff's allegations do not state a plausible claim for relief.  The Court cannot discern the causes of action Plaintiff intends to allege against the Redwood City Library.  Nonetheless, the Court will give Plaintiff an opportunity to amend the complaint to include allegations of additional facts that, if true, may show he is entitled to some relief.

## IV.   CONCLUSION

For the reasons stated above, Plaintiff's application to proceed in forma pauperis is GRANTED.  Plaintiff's complaint is also dismissed with leave to amend.  Plaintiff shall file a first amended complaint within 30 days of this order.  Plaintiff is on notice that the first amended complaint will supersede the original complaint, such that it will be treated as nonexistent.  *See Armstrong v. Davis*, 275 F.3d 849, 878 n.40 (9th Cir. 2001), abrogated on other grounds by *Johnson v. Cal.*, 543 U.S. 499 (2005).  For this reason, Plaintiff shall properly identify the legal and factual bases for all of her claims, free of any reference to any prior complaint.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), overruled on other grounds by *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).  The first amended complaint shall also contain allegations that establish this Court's jurisdiction over this action.  Failure to file a first amended complaint

within 30 days of this order may result in dismissal of this action for failure to prosecute.

To ensure that the first amended complaint complies with this order, Plaintiff may wish to contact the Federal Pro Bono Project's Help Desk—a free service for *pro se* litigants—by calling (415) 782-8982.  The Court has also adopted a manual for use by *pro se* litigants, which may be helpful to Plaintiff.  This manual, and other free information is available online at: http://cand.uscourts.gov/proselitigants.

IT IS SO ORDERED.

Dated: 05/14/2015

KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

4