UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOHONIA MARTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>REDWOOD CITY LIBRARY,<br><br>    Defendant. | Case No. 15-cv-01988-KAW<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE; DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

    Yohania Martin ("Plaintiff"), who proceeds pro se, commenced the above-captioned case on May 1, 2015. (Compl., Dkt. No. 1.) Plaintiff also filed an application to proceed in forma pauperis. (Pl.'s IFP Appl., Dkt. No. 2.) She has consented to the undersigned's jurisdiction pursuant to 28 U.S.C. § 636(c). (Pl.'s Consent, Dkt. No. 3.)

    On May 14, 2015, the Court granted the application to proceed in forma pauperis and dismissed the complaint with leave to amend. (May 14, 2015 Order, Dkt. No. 5.) In the order, the Court instructed Plaintiff to file an amended complaint within 30 days. (*Id.*) Plaintiff failed to comply. On July 20, 2015, the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute. (Order to Show Cause, Dkt. No. 16.) Plaintiff was to file a written response to the order to show cause within 14 days. (*Id.* at 2.)

    On July 27, 2015, Plaintiff filed a "Motion to Answer Order For Case To Not Be Dismissed," Dkt. No. 17. The Court granted the motion and gave Plaintiff 30 days to file (1) a response to the order to show cause and (2) an amended complaint, which were to be filed as separate documents. (July 29, 2015 Order, Dkt. No. 18.) On August 10, 2015, Plaintiff filed both documents. Accordingly, the Court hereby DISCHARGES the order to show cause.

    Plaintiff's amended complaint, however, does not remedy the deficiencies discussed in

the Court's May 14, 2015 Order.  For this reason, the amended complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff shall file a second amended complaint within 30 days of this order.  Plaintiff is reminded that the second amended complaint will supersede earlier versions of the complaint, such that they will be treated as nonexistent.  *See Armstrong v. Davis*, 275 F.3d 849, 878 n.40 (9th Cir. 2001), abrogated on other grounds by *Johnson v. Cal.*, 543 U.S. 499 (2005).  For this reason, Plaintiff shall properly identify the legal and factual bases for all of her claims, free of any reference to any prior complaint.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), overruled on other grounds by *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).  The second amended complaint shall also contain allegations that establish this Court's jurisdiction over this action.  Failure to file a second amended complaint within 30 days of this order may result in dismissal of this action for failure to prosecute.  This will be Plaintiff's final opportunity to amend the complaint to allege facts that establish this Court's jurisdiction and state a plausible claim for relief.

To ensure that the second amended complaint complies with this order, Plaintiff may wish to contact the Federal Pro Bono Project's Help Desk—a free service for *pro se* litigants—by calling (415) 782-8982.  The Court has also adopted a manual for use by *pro se* litigants, which may be helpful to Plaintiff.  This manual, and other free information is available online at: http://cand.uscourts.gov/proselitigants.

Additionally, because there is no operative complaint in this case, Plaintiff's "Motion of Submission of Affidavit of and for Plaintiff's Personal Financial Circumstance in Leitmotif," Dkt. No. 21, "Motion to Submit Additional Evidence and Subpoena," Dkt. No. 22, and "Motion to Submit Evidence," Dkt. No. 23, are TERMINATED.

IT IS SO ORDERED.

Dated: 10/02/2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge